IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40804
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUINALDO ROEL HERNANDEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-937-3
- - - - - - - - - -
April 26, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aguinaldo Roel Hernandez appeals his conviction and sentence for conspiracy and possession with intent to distribute more than ten kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) &(b)(1)(A). He raises two arguments on appeal: (1) that the district court abused its discretion in denying his motion to sever his trial from that of coconspirator Cesar Elizondo; and (2) the statute under which he was convicted,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

21 U.S.C. § 841(a) & (b), is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Hernandez concedes that this court rejected his Apprendi argument in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001), but asserts that he is raising it to preserve it for Supreme Court review. As the argument is foreclosed by circuit precedent, it need not be addressed herein.

As for his severance argument, Hernandez has not shown that the district court's limiting instructions failed to alleviate any unfair prejudice that might have resulted from the evidence of (1) three "additional" loads of cocaine with which he was not connected by the evidence, (2) Elizondo's state conviction, and (3) Elizondo's alleged lies to the police at the time of his arrest, to the Illinois state court when he pleaded guilty to possession of the cocaine involved in the Chicago load, and (3) to the jury in the instant case. See United States v. Richards, 204 F.3d 177, 194 (5th Cir.), cert. denied, 531 U.S. 826 (2000); United States v. Cihak, 137 F.3d 252, 259 (5th Cir. 1998). Both men were part of the same conspiracy, and thus all evidence dealing with any member of the conspiracy was admissible against Hernandez as well. United States v. Guerra-Marez, 928 F.2d 665, 676 (5th Cir. 1991).

AFFIRMED.